## 2062

Jimmie H. CORBETT, Respondent v. Kathryn B. CORBETT, Appellant.
(437 S.E. (2d) 136)

Court of Appeals

*Gregory P. Harlow,* of *Harte, Harte & Harlow,* Aiken, *for appellant.*

*Richard L. Pearce,* of *Toole & Toole,* Aiken, *for respondent.*

Heard June 8, 1993.

Decided Aug. 9, 1993.

SHAW, Judge:

In this domestic action, the wife, Kathryn B. Corbett, appeals from a family court order denying her any interest in a home used by the parties during the marriage. We reverse and remand.

The parties were married June 7, 1986 and separated January 8, 1991. During the marriage the husband worked as a department manager at a grocery store and the wife worked as an L.P.N. at a hospital. One year prior to the marriage, the husband executed a construction mortgage in the amount of $25,000 on 5 acres of a 7.15-acre tract. He built a house on this property and began living there in December 1985. The first two or three months of marriage, the husband made the $332 monthly payments on his mortgage. Thereafter, and up until the separation, the parties alternated the payments on this mortgage, each party making the payment every other month. The parties likewise made alternating payments of approximately $137 a month on certain "pond" property. This pond property was initially acquired with a $4,447 down payment derived from the wife's premarital property.

On June 18, 1987, the husband deeded the wife a one-half interest in the home. On November 13, 1987, the parties took out a second mortgage on the home in the amount of $10,000. The husband made all of the payments on the second mortgage. On January 13, 1991, shortly after the parties separated, the wife deeded her one-half interest in the home back to the husband.[1]

Following a hearing on January 14, 1992, the trial judge ruled from the bench that the pond property was marital property and each party was entitled to a 50% interest after

---

[1] Apparently, no evidence was submitted at trial to show why the wife deeded this interest in the home back to the husband.

awarding certain credits for contributions. As to the home involved, the trial judge held as follows:

> I am going to find that the property involves—that the property that involves the formal marital home, and I guess the 7.1 acres all together is not marital property. It may have at some point acquired some marital status, but Mrs. Corbett deeded that property for whatever reason back to him. I haven't heard anything today that would justify overturning that deed. . . . In any event I am going to rule that whatever interest she had that [sic] she conveyed back to Mr. Corbett after the separation.

In his written order, the trial judge did not elaborate on the nature of this property stating only that he found the house, owned by the husband prior to the marriage and to which the wife deeded back her one-half interest, not to be marital property. Following the wife's Rule 59(e), SCRCP motion, the trial judge recognized the principle that legal title is irrelevant in deciding whether property is marital in nature. Nevertheless, he denied the motion finding there was ample evidence the wife reconveyed her one-half interest in the home and there was no evidence presented to show the conveyance was procured through fraudulent means.

We hold the trial judge clearly erred in finding the property was nonmarital based solely on the fact that the wife deeded her interest back to the husband. The reconveyance places the wife in no different position that she would have been in had the husband never deeded her any interest in the property.

The Equitable Apportionment of Marital Property Act defines marital property as all real and personal property acquired by the parties during the marriage which is owned as of the date of filing or commencement of marital litigation, regardless of how legal title is held. S.C. Code Ann. Section 20-7-473 (Supp. 1992). Property acquired by either party before the marriage and property acquired during the marriage in exchange for property acquired by either party before the marriage are nonmarital. Likewise, any increase in value of nonmarital property during the marriage is nonmarital, *except* to the extent the increase resulted directly or indi-

rectly from efforts of the other spouse during the marriage. S.C. Code Ann. Section 20-7-473(2), (3), and (5) (Supp. 1992). *See* also *Johnson v. Johnson*, 296 S.C. 289, 372 S.E. (2d) 107 (Ct. App. 1988). Further, nonmarital property may be transmuted into marital property if it (1) becomes so commingled with marital property as to be untraceable; (2) is title jointly; or (3) is utilized by the parties in support of the marriage or in some other manner so as to evidence an intent by the parties to make it marital property. *Johnson* at 110.

In the case at hand, the trial judge never determined whether the property in question was transmuted into marital property, relying solely on the fact that the wife reconveyed her interest subsequent to the parties' separation in determining the property was nonmarital.[2] Inasmuch as the manner in which title is held is irrelevant to a determination of whether property is marital, the trial judge clearly erred. Further, even if it is determined the property was not transmuted, at the very least the record evinces the wife made direct contributions, increasing the value of the home during the marriage. We therefore reverse the trial judge's finding on the nature of the property and remand for a determination of whether the property was transmuted into marital property and, if not, whether the wife is entitled to an interest based on her contributions to the increased value of the home.

For the foregoing reasons the order below is reversed and remanded.

CURETON and GOOLSBY, JJ., concur.

---

[2] While there is no evidence the husband obtained the deed through fraudulent means, neither is there any evidence the wife received adequate consideration or intended the conveyance as a gift such that it could be considered nonmarital property pursuant to S.C. Code Ann. Section 20-7-473(1) or (2). Further, there is no evidence this reconveyance of property was pursuant to any valid settlement agreement.